EDWARD H. STOKES, TREASURER OF THE CITY OF MILL-
VILLE, PLAINTIFF IN ERROR, v. GEORGE SCHLACTER,
DEFENDANT IN ERROR.

Submitted March 26, 1901—Decided June 17, 1901.

1. The action of debt prescribed by the charter of the city of Mill-
ville, to be brought for the recovery of a pecuniary penalty incurred
by violating a city ordinance, is a suit in the court constituted
by statute for the trial of small causes, held by a justice of the
peace, or by the mayor of the city invested for this purpose with
the authority of a justice of the peace.

2. The power to license places for the sale of fermented liquors, granted to a city where such places were unrestrained by general law, coupled with the general power to pass ordinances for promoting the peace, good order and prosperity of the city, justifies an ordinance which forbids any sale of such liquors without a license and prescribes a penalty therefor.

3. If, in an action of debt pending in a court for the trial of small causes, the final action of the judge is shown by his entering upon the docket, "I rendered a verdict in behalf of the plaintiff, twenty dollars fine and costs," the proceedings should be reversed for want of a judgment.

4. Under the act of March 28th, 1895 (*Gen. Stat., p.* 371), the judicial proceedings of inferior courts, had for alleged violation of city ordinances, are reviewable by *certiorari,* even though an appeal to the Common Pleas might be taken under the Justice's Court act.

On error to the Supreme Court.

For the plaintiff in error, *Louis H. Miller.*

For the defendant in error, *John W. Wescott* and *Thomas W. Trenchard.*

The opinion of the court was delivered by

DIXON, J.   There are now pending before us six writs of error, each bringing up for review a judgment of the Supreme Court which set aside proceedings instituted by the plaintiff in error against the defendant, before the mayor of the city of Millville, to recover $20 as the penalty for violating an ordinance of the city that forbids the sale of fermented liquors without license.

The Supreme Court gave two reasons for its decision— *first,* that the proceedings must be regarded as a summary conviction and lacked the requisite form, and *second,* that the city had not authority to pass the ordinance.

Neither of these reasons is, we think, well founded.

The city charter (*Pamph. L.* 1866, *p.* 120) empowers the common council to enforce the observance of its ordinances "by enacting penalties for the violation thereof, either by imprisonment  *  *  *  or by fine not exceeding twenty dollars, recoverable, with costs, in an action of debt, in the

name of the treasurer of the city, before any justice of the peace or the mayor thereof, for the use of the corporation thereof" (section 10), and by section 12 enacts "that the mayor of said city, for the time being, shall have all the powers and authority of a justice of the peace of the State of New Jersey, and shall take cognizance of all fines, forfeitures and penalties to be laid by the laws or ordinances of the common council."

In *Greely* v. *Passaic,* 13 *Vroom* 429, this court held that, where a city charter provided that the penalty for violating a municipal ordinance was to be recovered in an action of debt before a justice of the peace, it must be inferred, in the absence of an indication to the contrary, that the action was to be brought in the court for the trial of small causes, and was to be regulated, so far as was consistent with the charter, by the statute governing that court. This inference was deemed necessary to give effect to the requirement that the proceeding should take the form of an action of debt, because only in that statute could an appropriate procedure be found. See, also, *Smith* v. *Clinton,* 24 *Id.* 329. In *White* v. *Neptune City,* 27 *Id.* 222, the Supreme Court reached the same conclusion upon a statute which seemed to authorize the institution of the proceedings before a justice of the peace, a police justice or a recorder, and which differed from the Passaic charter much more than does the charter of Millville.

We think the terms of this charter indicate quite clearly that the action, whether brought before a justice of the peace or before the mayor, who, for this purpose, is invested with the authority of a justice, is to be regulated by the Justice's Court act, with such modifications as the laws respecting the municipality prescribe. The formalities of a summary conviction are therefore not required.

Touching the second reason given by the Supreme Court for its judgment, we find in the charter sufficient warrant for the feature of the ordinance now in question.

The charter gives to the council (section 17) "the sole, only and exclusive right and power of licensing such and

so many keepers of oyster-houses and cellars, and places for the sale of fermented liquors within said city, upon such terms and conditions and under such regulations as they may deem most conducive to the public good thereof," and also (section 10) the power to pass such by-laws and ordinances "for the peace, good order and prosperity of the city as they may deem expedient." When this charter was passed there was no general law restricting the sale of fermented, as distinguished from spirituous, liquors. In *Hershoff* v. *Treasurer of Beverly,* 16 *Vroom* 288, the opinion was expressed that in such a state of the law the exclusive power to license places for the sale of fermented liquors implied the power to forbid and punish the sale of such liquors without license. This court approves of that conclusion for the reasons there given. Hence the ordinance is, for present purposes. considered valid.

We conclude that in five of the suits now before us there is no good reason assigned for setting aside the proceedings instituted before the mayor, and therefore the judgments of the Supreme Court in those suits should be reversed, and the proceedings of the inferior tribunal should be affirmed.

But in the other suit there is a defect in the record made by the mayor. It states merely, "I rendered a verdict in behalf of the plaintiff, twenty dollars fine and costs," and no further step seems to have been contemplated. This is not a judgment, and for want of a judgment properly entered the proceedings are voidable. *Leonard* v. *Fulkerson, Pen.* *977. But to evade the reversal of the proceedings, the plaintiff in error contends that, as the inferior court had jurisdiction, the only remedy of the defendant was by appeal, according to section 96 of the Justice's Court act of March 27th, 1874. But an act passed March 28th, 1895 (*Gen. Stat.,* p. 371), makes all judicial proceedings of any city judge, police court of other inferior court had for or on account of alleged violation of city ordinances reviewable by writ of *certiorari*. This dispenses with the legal necessity of an appeal to the Common Pleas in such cases before the allowance of a *certiorari*. In this suit, therefore, which is styled case

No. 1 in the brief of counsel for the defendant, the judgment of the Supreme Court is affirmed.

*For affirmance in Case No.* 1—THE CHANCELLOR, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.

In cases Nos. 2, 3, 4 and 5, and in the case of Stokes, Treasurer, *v.* Terry, for the reasons above stated, the judgment of the Supreme Court is reversed, and the judgment of the inferior court is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, GUMMERE, COLLINS, FORT, GARRETSON, HENDRICKSON, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.